UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDY JAMES SEVILLA,

    Plaintiff,

v.                                                    Case No. 8:25-cv-144-WFJ-AAS

MANATEE COUNTY SHERIFF'S
OFFICE, *et al.*,

    Defendants.
_____/

## ORDER

Andy James Sevilla, a pretrial detainee proceeding *pro se*, initiated this action by filing a civil-rights complaint under 42 U.S.C. § 1983. (Doc. 1). Upon review, *see* 28 U.S.C. § 1915A, the Court concludes that the complaint must be dismissed without prejudice for failure to state a claim. In addition, if he wishes to proceed with this action, Mr. Sevilla must either pay the filing fee or move for leave to proceed *in forma pauperis*.

**I.**     **Screening of Complaint**

Mr. Sevilla sues the Manatee County Sheriff's Office and four deputies in their official capacities: Sean Gilbert, Brian Philips, Christopher Houghton, and Christopher Minca. (Doc. 1 at 1-3). Mr. Sevilla alleges that on August 10, 2024, he "was handcuffed, beaten, then tased twice in [the] back." (*Id.* at 5). As a result, he allegedly suffered a "damaged right knee" that required an X-ray and a "knee brace." (*Id.*) The complaint

contains no additional information about the alleged excessive-force incident. (*Id.*) As relief, Mr. Sevilla seeks "funds due to receiving wounds and now having PTSD." (*Id.*)

As currently pled, the complaint is deficient and must be dismissed without prejudice. First, Mr. Sevilla cannot pursue a § 1983 claim against the Manatee County Sheriff's Office. "Sheriff's departments and police departments are not usually considered legal entities subject to suit" under § 1983. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992); *see also Faulkner v. Monroe Cnty. Sheriff's Dep't*, 523 F. App'x 696, 701 (11th Cir. 2013) ("Florida law has not established Sheriff's offices as separate legal entities with the capacity to be sued."). Accordingly, Mr. Sevilla cannot proceed against the Manatee County Sheriff's Office. *See, e.g.*, *Heid v. Rutkoski*, No. 6:20-cv-727-GKS-DCI, 2022 WL 1819096, at *2 (M.D. Fla. Mar. 29, 2022) ("Because the Orange County Sheriff's Department is not a legal entity capable of being sued under § 1983, as a matter of law, it is not a proper party to this action.").

Second, Mr. Sevilla sues the remaining defendants in their official capacities, but he fails to allege facts sufficient to support liability under that theory. An official-capacity claim is a claim against the entity of which the named defendant is an agent—in this case, Manatee County. *Owens v. Fulton Cnty.*, 877 F.2d 947, 951 n.5 (11th Cir. 1989) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). "When suing local officials in their official capacities under § 1983, the plaintiff has the burden to show that a deprivation of constitutional rights occurred as a result of an official government policy or custom." *Cooper v. Dillon*, 403 F.3d 1208, 1221 (11th Cir. 2005). "A policy is a decision that is officially adopted by the [government entity], or created by an official of such rank that he

or she could be said to be acting on behalf of the [government entity]." *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997). "A custom is a practice that is so settled and permanent that it takes on the force of law." *Id.* Mr. Sevilla fails to plead facts showing that the alleged excessive-force incident resulted from a policy or custom of Manatee County. Accordingly, he fails to state an official-capacity claim against the individual defendants.

Third, Mr. Sevilla's excessive-force claim is inadequately pled. "Although suspects have a right to be free from force that is excessive, they are not protected against a use of force that is necessary in the situation at hand." *Jean-Baptiste v. Gutierrez*, 627 F.3d 816, 821 (11th Cir. 2010). Thus, "[t]he merits of excessive force claims are fact sensitive." *Anderson v. Vazquez*, 813 F. App'x 358, 360 (11th Cir. 2020). Courts consider several factors "in determining whether an officer's use of force was objectively reasonable, including (1) the need for the application of force, (2) the relationship between the need and the amount of force used, (3) the extent of the injury inflicted and, (4) whether the force was applied in good faith or maliciously and sadistically." *Hadley v. Gutierrez*, 526 F.3d 1324, 1329 (11th Cir. 2008).

Mr. Sevilla "fails to provide any factual context by which a court could evaluate the plausibility of the excessive force" claim. *Stepp v. Brown*, No. 8:22-cv-590-KKM-AAS, 2022 WL 2717388, at *2 (M.D. Fla. July 13, 2022). He does not explain how any particular defendant was involved in the use of force. *See, e.g.*, *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the

defendant caused a legal wrong."). Furthermore, Mr. Sevilla "does not describe his actions preceding his apprehension (and thus whether there was a need for the application of force as alleged)." *Stepp*, 2022 WL 2717388, at *2. Without such detail, Mr. Sevilla fails to state a plausible excessive-force claim. If he wishes to pursue this claim, "he must explain the circumstances under which force was used, including what he did and said, what each officer did and said, and the nature and extent of any injuries he sustained." *Lancaster v. Adams*, No. 3:21-cv-559-BJD-JBT, 2021 WL 4502796, at *2 (M.D. Fla. Oct. 1, 2021).

For all these reasons, the complaint is dismissed without prejudice. In light of his *pro se* status, the Court will give Mr. Sevilla an opportunity to amend his complaint. *See Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.").

## II.     Filing Fee or Motion for Leave to Proceed *In Forma Pauperis*

Mr. Sevilla neither paid the $405.00 filing fee nor sought leave to proceed *in forma pauperis*. If he wishes to pursue this action, Mr. Sevilla must either pay the filing fee or submit a complete motion to proceed *in forma pauperis* in accordance with the instructions set out below. Failure to comply with this directive within thirty days of the date of this order will result in the dismissal of this action without further notice.

## III.    Conclusion

Accordingly, it is **ORDERED** that:

1. Mr. Sevilla's complaint, (Doc. 1), is **DISMISSED without prejudice**.

    a. If Mr. Sevilla wishes to amend, he shall file an amended complaint within **THIRTY DAYS** of the date of this order.

    b. To amend, Mr. Sevilla should complete a new civil-rights complaint form, titling it "Amended Complaint." The amended complaint must include all of Mr. Sevilla's claims and may not refer back to, or incorporate, the complaint. The amended complaint shall supersede the complaint. *Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999).

2. If Mr. Sevilla fails to file an amended complaint by the above deadline, or fails to seek an extension of time to do so, this order dismissing the complaint will become a final judgment. "[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending his complaint or] seeking an extension. And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720-71 (11th Cir. 2020) (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

3. Within **THIRTY DAYS** of the date of this order, Mr. Sevilla must either (1) file a fully completed Affidavit of Indigency form (if he desires to proceed as a pauper and incur the pauper's filing fee of $350) or (2) pay the $405.00

filing fee (if he does not desire to proceed as a pauper). Failure to comply with this directive will result in the dismissal of this case without further notice.

4. Mr. Sevilla must advise the Court of any change of address. He must entitle the paper "Notice to the Court of Change of Address" and must exclude any motions from the notice. Failure to inform the Court of an address change will result in the dismissal of this case without further notice.

5. The Clerk is **DIRECTED** to mail to Mr. Sevilla an Affidavit of Indigency form and the standard form for *pro se* prisoner complaints.

**DONE** and **ORDERED** in Tampa, Florida, on January 31, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE